IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


SONIA L. SABATH,

    Plaintiff,

vs.                                                                                     No. CIV 99-621 MV/KBM

CIGNA CORPORATION
d/b/a/ LOVELACE HEALTH SYSTEMS,
INC.,

    Defendant.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction filed November 15, 1999 **[Doc. No. 8]** and Plaintiff's Motion to Amend Complaint to Substitute Party Defendants and for Joinder of Defendant Lovelace Health Systems, Inc. filed December 13, 1999 **[Doc. No. 10]**. The Court, having considered the moving papers, relevant law, and being otherwise fully informed, finds that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is well taken and will be **GRANTED** for claims against CIGNA Corporation ("CIGNA") and that Plaintiff's Motion to Amend Complaint to Substitute Party Defendants and for Joinder of Defendant Health Systems, Inc. ("Lovelace") is also well taken and will be **GRANTED**.

### BACKGROUND

Plaintiff Sonia L. Sabath was an employee of Lovelace where she was a chemistry specialist. On December 8, 1997, she was discharged by Lovelace after thirty years of employment at age fifty-nine. Ms. Sabath claims that while she was employed by Lovelace, she faced discrimination because

of her age and disability, was retaliated against for seeking enforcement of the Age Discrimination in Employment Act and the Americans with Disabilities Act, was denied reasonable accommodation and was abusively discharged in violation of New Mexico public policy.

Ms. Sabath filed this complaint against "CIGNA Corporation d/b/a Lovelace Health Systems, Inc." on June 4, 1999 and effected service of process on Martin Hicky an agent for Lovelace,[1] on September 29, 1999. CIGNA claims that Ms. Sabath filed her complaint against the wrong entity, asserting that CIGNA never employed Ms. Sabath, that it does not do business as Lovelace Health Systems, Inc. and that New Mexico lacks personal jurisdiction over CIGNA. Ms. Sabath maintains that during the administrative phase of her complaint, CIGNA acted for Lovelace and never distinguished itself from Lovelace. In fact, Ms. Sabath notes, arbitration between Ms. Sabath and CIGNA proceeded as though Ms. Sabath was an employee of CIGNA Corporation.

**I.      Personal Jurisdiction**

**A.      Legal Standard**

The mere existence of a parent-subsidiary corporate relationship where the subsidiary is subject to the court's jurisdiction is generally not sufficient to warrant jurisdiction over a foreign parent. *Jemez Agency Inc. v. Cigna Corp.*, 866 F.Supp. 1340, 1343 (D.N.M. 1994). However, a court may exercise "specific" personal jurisdiction over a non-resident defendant if the defendant is amenable to service under the state's long arm statute and the exercise of jurisdiction comports with the due process guarantees of the Fourteenth Amendment. *Jemez Agency*, 866 F.Supp. at 1342 *citing Taylor v. Phelan*, , 912 F.2d 429, 431-32 (10th Cir. 1990), cert. denied, 498 U.S. 1068 (1991).

---

[1] The Court will assume for the purpose of this motion that "Martin Hicky, as agent for, Lovelace Health Systems, Inc." is actually an agent of Lovelace for service of process . If needed, Lovelace may dispute this matter once it is made a party to this action.

The New Mexico long arm statute provides in pertinent part:

Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:
   (1) the transaction of any business within this state

N.M. Stat. Ann. § 38-1-16 (Michie 1978). In New Mexico, the "transaction of business" is equated with the due process standard of "minimum contacts" sufficient to satisfy the "traditional conception of fair play and substantial justice" announced in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). *Telephonic, Inc. v. Rosenblum*, 88 N.M. 532, 534 (1975).

Alternatively, "general" personal jurisdiction over a non-resident defendant may be proper if the defendant has contacts with the forum state that are continuous and systematic in nature, even if the cause of action does not relate to the defendant's activities in the forum state. *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414-16 (1984); *Visarraga v. Gates Rubber Co.*, 104 N.M. 143, 147 (Ct. App. 1986). Thus, while a subsidiary's actions are generally not attributable to the parent, the parent's own actions may subject it to the personal jurisdiction of the court. *Jemez Agency*, 866 F.Supp. at 1348.

**B.    Analysis**

CIGNA cites a prior decision of this Court, *Jemez Agency*, 866 F.Supp. 1340, in which Judge Burciaga found that CIGNA lacked minimum contacts with New Mexico. While the *reasoning* in *Jemez Agency Inc.* certainly applies here, the Court's *conclusion* that it did not have personal jurisdiction over CIGNA in *Jemez Agency.* does not bind the Court's decision today.[2]  However,

---

[2] In the Tenth Circuit, application of collateral estoppel requires that the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication. *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000). There is no evidence or reason to

3

under the circumstances presented in this case, the Court finds that, once again, it cannot exercise personal jurisdiction over CIGNA.

It is clear that CIGNA is in the business of representing Lovelace in employment disputes in New Mexico, at least in Ms. Sabath's case. A CIGNA attorney wrote at least two letters, on December 9 and December 23, 1998 to the Albuquerque District Office of the Equal Employment Opportunity Commission. The CIGNA attorney also traveled to Albuquerque to participate in arbitration proceedings in Ms. Sabath's case. However, since Ms. Sabath's claim does not *arise from* the representation of Lovelace, the long arm statute is inapplicable to these contacts. N.M. Stat. Ann. § 38-1-16. Additionally, where the record indicates that CIGNA wrote only two letters to Albuquerque and participated in one arbitration proceeding, the Court cannot find that CIGNA has continuous and systematic contacts with New Mexico to warrant a finding of "general" personal jurisdiction. *Helicopteros Nacionales de Columbia*, 466 U.S. at 414-16; *Visarraga*, 104 N.M. at 147. Since the plaintiff has not made a *prima facie* showing of personal jurisdiction over CIGNA,[3] the Court must grant CIGNA's Motion to Dismiss for Lack of Personal Jurisdiction for claims against CIGNA and need not address CIGNA's argument that Ms. Sabath's service of process was insufficient.

## II.     Motion to Amend to Substitute and Join

### A.     Legal Standard

Ms. Sabath asserts two theories under which she believes the proper party may be substituted

---

believe that Ms. Sabath was a party or was in privity with the plaintiffs in *Jemez Agency, Inc.*

[3]Plaintiff does not dispute CIGNA's Motion to Dismiss and did not file a response to the motion. Instead, Plaintiff filed a motion to amend her complaint and to substitute or join Lovelace, the party she originally intended to sue.

in this complaint: Rule 15 which governs amended pleadings and Rule 19 which governs the joinder of persons needed for just adjudication. However, for the reasons states below, Rule 19 cannot be applied in this situation. Rule 15 is the proper method for accomplishing the substitution of parties.

Rule 15(c)(3) of the Federal Rules of Civil Procedure allows for an amendment of the pleadings to change a party or the naming of a party when four elements are met: (1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; (2) the party to be brought in by amendment received notice within 120 days of filing the complaint; (3) the party to be brought in would not be prejudiced in maintaining a defense on the merits; and (4) the party to be brought in knew or should have know that but for a mistake concerning the identity of the proper party, the action would have been brought against the party. The Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182 (1962), stated that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc., the leave sought should, as the rules require, be freely given."

**B.     Analysis**

Where a plaintiff wishes to substitute a defendant due to a mistake in identity and where the statute of limitations is an issue, a Rule 15 analysis is more appropriate than a Rule 19 analysis because Rule 19 does not provide for relating back. Ms. Sabath was faced with a 90-day statute of limitations from receipt of her right-to-sue letter from the Equal Employment Opportunity Commission for ADEA and ADA claims. *See* 29 U.S.C. § 626(e) (1999) and 42 U.S.C. §

2000e-5(f)(1). Joinder under Rule 19 does not change the rights of the parties and cannot resuscitate a claim barred by a statute of limitations. *See Andrews v. Lakeshore Rehabilitation Hosp.*, 140 F.3d 1405, 1407 (11th Cir. 1998) (the provisions for joinder of parties under Rules 19 and 21 are not immune from statutes of limitations) *citing* 7 Wright, Miller & Kane, Federal Practice and Procedure § 1688; *McLellan v. Mississippi Power & Light Co.*, 526 F.2d 870, 872 (5th Cir.1976), *vacated on other grounds*, 545 F.2d 919 (5th Cir.1977). Rule 15, on the other hand, specifically contemplates the situation in which the plaintiff has been confused about the proper name of the defendant and articulates the circumstances where it would be improper to allow a statute of limitations defense.

The total failure of either party to cite the relevant requirements of Rule 15(c), any caselaw related to the requirements and Plaintiff's failure to brief how she qualifies for an amendment under Rule 15(c) raises serious concerns about whether the parties are even aware of which rule applies. While leave of the court to amend pleadings is freely given as justice requires, the plaintiff bears the burden of proof. *See Wine v. EMSA Ltd. Partnership*, 167 F.R.D. 34, 38 (E.D. Pa. 1996); *George R. Hall Inc. v. Superior Trucking Co.*, 532 F. Supp. 985, 991 (N.D. Ga. 1982).

From what the Court can extract from the pleadings, CIGNA represented Lovelace in arbitration proceedings with Ms. Sabath and CIGNA received notice of this lawsuit against "CIGNA Corporation d/b/a Lovelace Health Systems, Inc." shortly after service of process on Martin Hicky, an agent for Lovelace, on September 29, 1999. Ms. Sabath's original complaint was filed on June 4, 1999. Based on these facts, the Court concludes both that Ms. Sabath's claim against Lovelace arose from the same conduct, transaction or occurrence set forth in the original complaint and that Lovelace had actual notice of the claim within 120 days of the filing of the complaint as required to amend under Rule 15(c). Based on the close relationship between CIGNA and Lovelace during the

administrative phase of Ms. Sabath's claim while CIGNA represented Lovelace, the Court also concludes that Lovelace knew or should have know that but for a mistake concerning the identity of the proper party, the action would have been brought against Lovelace. Indeed, the caption in Ms. Sabath's complaint clearly indicates that she intended to sue the entity doing business as Lovelace Health Systems, Inc.

The question remaining is whether Lovelace will be prejudiced in maintaining a defense on the merits due to the delay in adding it as a proper defendant. While the Court obviously does not have the benefit of Lovelace's position on the matter at this time, the Court nonetheless concludes that Lovelace will not be prejudiced. Ms. Sabath seeks to add Lovelace less than a year after filing her original complaint and Lovelace has had clear notice that it would likely be added or substituted as a party.

Finally, CIGNA's proposition that plaintiff did not use "due diligence" to ascertain the proper identity of her employer and that her motion should be denied on those grounds is without merit. *Bryant Elec. Co. v. Joe Rainero Tile Co.*, 84 F.R.D. 120, 123 (W.D. Va. 1979). Based on CIGNA's representation of Lovelace in the arbitration proceedings and the lack of distinction between CIGNA and Lovelace, it is easy to see how Ms. Sabath may have been confused. Rule 15(c) recognizes the difficulty of suing the proper corporate defendant when the corporate structure is not always clear. Furthermore, the burden on the Court to dismiss the complaint and allow Ms. Sabath to file another complaint against Lovelace is greater than it would be to simply grant her Motion to Amend. Given these circumstances, justice requires that the plaintiff be given leave to amend her complaint and name the proper defendant.

**WHEREFORE,**

7

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction **[Doc. No. 8]** is hereby **GRANTED** for claims against CIGNA and that Plaintiff's Motion to Amend Complaint to Substitute Party Defendants **[Doc. No. 10]** is hereby **GRANTED**. CIGNA Corporation is hereby dismissed with prejudice and Lovelace Health Systems, Inc. is made a party to this action.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

**Plaintiff's Attorneys**
Gail A. Heglund and Hannah B. Best

**Defendant's Attorney**
Lorna M. Wiggins