**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FILED

SONIA L. SABATH,

       Plaintiff,

00 JUL 28 PM 1:21

vs.

No. CIV 99-621 MV/KM

LOVELACE HEALTH SYSTEMS,
INC.,

       Defendant.

## PLAINTIFF'S MEMORANDUM IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS AND FOR SANCTIONS

Plaintiff Sonia Sabath, by and through counsel of record, Hannah Best &

Associates, hereby submits her Memorandum in Response to Defendant's Motion to

Dismiss and for Sanctions. Plaintiff asks the Court to deny Defendant's Motion, and as

grounds therefore, states:

## INTRODUCTION

Plaintiff Sonia Sabath filed her Second Amended Complaint on June 6, 2000. The

Second Amended Complaint differed from the First Amended Complaint only in that it

sought to correct a failure to name the correct party.

In her Second Amended Complaint, Plaintiff Sabath asserts the following causes of

actions: 1) Age discrimination, in violation of the Age Discrimination in Employment Act

(hereinafter the "ADEA"), 29 U.S.C. Section 621, *et seq.;* 2) Retaliation after Protected

Activity under the ADEA; 3) Retaliation for Protected Activity under Americans with

Disabilities Act, 42 U.S.C. Section 12101, *et seq.;* 4) Abusive Discharge/Public Policy

under New Mexico state law; and 5) Discrimination based on Disability/Failure to Accommodate under the Americans with Disabilities Act, 42 U.S.C. Section 12101, *et seq.*

At no time did Sonia Sabath sign an agreement to arbitrate all state and federal claims under the FAA, or otherwise. Ms. Sabath has no other binding agreement to arbitrate her claims with Defendant.

Plaintiff, in her pro se Complaint, and her counsel, in the First and Second Amended Complaints, stated claims based on existing law, or on a non-frivolous argument for extension or reversal of existing law.

## FACTS

Plaintiff is a former employee of Defendant, and worked for Defendant for almost 30 years, from 1969 until December of 1997. Plaintiff worked as a Clinical Laboratorian at the time of her discharge. On or about October 1, 1998, within 300 days of her discharge, Plaintiff filed a charge of discrimination with the EEOC, for discrimination on the basis of age and retaliation, under both the ADEA and the ADA. *Exhibit A, Charge of Discrimination.* Plaintiff had earlier filed a charge based on failure to accommodate under the ADA. Plaintiff received a right-to sue letter on or about March 6, 1999, and timely filed her original complaint within 90 days of receipt of the right-to-sue letter. *Exhibit B, Letter of Right to Sue.*

In 1996, Defendant instituted a policy favoring arbitration of claims. Plaintiff did not agree individually or sign a contract individually that she would arbitrate her claims. Plaintiff submitted her ADA and ADEA claims to arbitration in January of 1998, but did

agree that in doing so, she waived her right to pursue these claims before the EEOC or in court. The issues involved in a wrongful discharge or public policy discharge claim were not considered by the arbitrator.

# ARGUMENT

## I. PLAINTIFF HAS NOT COMMITTED A VIOLATION COVERED BY RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Rule 11 of the Federal Rules of Civil Procedure provides that by the signing of a legal pleading, an attorney is certifying that to the best of the person's knowledge and after reasonable inquiry that 1) the claim is not being made for an improper purpose; 2) the claims or contentions are either warranted by existing law, or by a nonfrivolous argument for an extension, modification or reversal of existing law or the establishment of new law; 3) the factual allegations contained in the pleading have evidentiary support; and 4) the denials contained are warranted by the evidence or are reasonably based on a lack of information.

Plaintiff has committed no such violation. There is no evidence that the claims presented by Plaintiff were presented due to any intention to harass, and there has been no allegation that factual contentions or denials were made without evidentiary support. Defendants claims are that the legal basis of Plaintiff's lawsuit was neither warranted by existing law or a nonfrivolous argument for an extension or modification of existing law, or a reversal of existing law or the establishment of new law. *Federal Rules of Civil Procedure, Rule 11.*

**A. The Area Of Enforceability Of Arbitration Agreements Is A Rapidly Changing And Unclear Area of The Law.**

The Supreme Court decision in *Gilmer v. Insterstate Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647 (1991), which enforced a mandatory arbitration clause in an ADEA claim has given rise to substantial litigation regarding the use and enforceability of arbitration agreements in the employment context.

Since that time, it has been unclear where arbitration clauses will and will not be enforceable. The Tenth Circuit has refused to enforce arbitration in collective bargaining agreements, reasoning that such agreements were not bargained for individually, and should not be enforced individually on union members. *Harrison v. Eddy Potash, Inc.*, 112 F.3d 1437 (10th Cir. 1997). In this case, the Defendant failed to show that Plaintiff has signed an agreement to subject any and all claims to mandatory arbitration, and that, more importantly, she had agreed that such arbitration would waive her right to proceed to federal court and to a trial by jury.

At the time Plaintiff went through Defendant's internal grievance procedure, up to and including arbitration, she was also pursing her claims before the EEOC. *Exhibit A, Charge of Discrimination.* When Plaintiff received a right-to-sue letter, she filed her original complaint within 90 days, in order to avoid the running of a statute of limitation. *Exhibit B, Right-to-Sue Letter.*

Because of the short statute of limitations involved in federal discrimination claims, only 90 days, Plaintiff did not have the luxury of extended negotiations with Defendants, but was forced to file a pleading in order to prevent the statute from running.

**B. Plaintiff Has Made Non-Frivolous Arguments Either Under Existing Law**

**Or For Extension of Existing Law.**

Plaintiff presented a number of good faith arguments in her Response to the

Motion to Dismiss on Grounds of Claim Preclusion (Res Judicata) or, alternatively, For

Failure to Comply with the Federal Arbitration Act.   Plaintiff argued that she did not sign

an arbitration agreement with Defendant, and that she therefore did not waive her rights to

pursue her claims in court.  Plaintiff further argues that she did not pursue her state court

claim for abusive discharge in arbitration, and that this claim is not covered by the Federal

Arbitration Act.  Plaintiff finally argues that her claims, which were not pursued in court

previously, cannot be barred under a doctrine of res judicata, or claim preclusion.

In her Memorandum in Opposition, Plaintiff argues makes non-frivolous

arguments either under existing law, or for an extension of existing law.

WHEREFORE, Plaintiff asks this Court to deny Defendant's Motion to Dismiss

and For Sanctions, and for any other and further relief this Court deems just and proper.


Respectfully submitted,

HANNAH BEST & ASSOCIATES


By: _____
HANNAH B. BEST
GAIL A. HEGLUND
Attorneys for Plaintiff
1003 Luna Circle NW
Albuquerque, NM 87102
(505) 247-2727

## CERTIFICATE OF SERVICE

I hereby swear that a copy of the foregoing pleading was faxed and mailed to opposing counsel of record, Lorna Wiggins and Marianne B. Bill, 20 First Plaza, Suite 710, P.O. Box 1308, Albuquerque, NM 87102,  this 17th day of July, 2000.

GAIL A. HEGLUND
HANNAH B. BEST

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 390990004 |

NM Human Rights Division _____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Ms. Sonia Sabath | (505) 255-8233 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 909 Truman N.E., Albuquerque, NM 87110 | | 07/30/38 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Lovelace Health Systems | Cat U (Unknown) | (505) 262-7000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 5400 Gibson S.E., Albuquerque, NM 87108 | | 001 |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ OTHER *(Specify)*

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| 12/08/97 | 12/08/97 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I. Statement of Personal Harm: a) On December 8, 1997, I was discharged from employment. I had been employed since 1969 and was classified as a Clinical Laboratorian 2 when discharged. b) I was denied appropriate cross-training to perform my job duties after the department was reorganized in January 1997.

II. Respondent's Act, Policy, or Practice allegedly resulting in Discrimination: a) The Lab Administrator discharged me because I was allegedly unable to perform the essential job duties. I had been in the same job for (29) years and had been performing satisfactorily until the decision was made to combine two sections in the Laboratory. I was discharged not long after I was notified by Respondent that the results of the neuropsychological evaluation which I underwent showed that I allegedly did not have a disability. b) I successfully completed approx. 80 % of the subject matter in spite of the inadequate training and the stressful work environment that I was subjected to by person(s) who supervised me. I was terminated after almost (30) yrs. of service. I was eligible for early retirement but had no intentions to retire until age (65) or later.

I believe that the decision to discharge me was motivated by an intent to retaliate for requesting reasonable accommodation, and because I had

** Text Continued on Attached Sheet(s) **

☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

*Sonia Sabath*

Date 10/1/98   Charging Party *(Signature)*

NOTARY - *(When necessary for State and Local Requirements)*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Day, month, and year)*

EXHIBIT A

EEOC FORM 5 (Rev. 06/92)

Oct 01 10:50 1998   CP Initials  _____   Chg # 390990004, Attachment Page 1

---------------------------------------------------------------------
Equal Employment Opportunity Commission
Form 5 - Charge of Discrimination, Additional Text
---------------------------------------------------------------------


filed with EEOC.

III.   Statement of Discrimination: I believe that I was discriminated
against on the basis of my age, 59, and in retaliation for the filing of
my initial charge with the EEOC, which constitutes a violation of the
ADEA of 1967, as amended, and the Americans with Disabilities Act.

10/1/98

RECEIVED

SEP 31  11 25 AH '59

*ADR*

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

NM Human Rights Division
Aspen Plaza
1596 Pacheco Street
Santa Fe, NM 87502

DATE _____ 10/02/98

EEOC CHARGE ____ 390990004

FEPA CHARGE _____

1998 OCT -5 PM 2: 07

HUMAN RIGHTS DIVISION

RECEIVED
ALBQ. DIST. OFC.
OCT 07 1998
E.E.O.C.

SUBJECT: CHARGE TRANSMITTAL

__Sabath, Sonia__ v. __Lovelace Health Systems__
(Charging Party)                   (Respondent)

Transmitted herewith is a charge of employment discrimination initially received by the:

[X] EEOC    [ ] _____ on __10/01/98__
                  (Name of FEPA)           (Date of Receipt)

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

[ ] Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

[ ] The worksharing agreement does not determine which agency is to initially investigate the charge.

   [ ] EEOC requests a waiver         [ ] FEPA waives

   [ ] No waiver requested            [ ] FEPA will investigate the charge initially

Please complete the bottom portion of this form to acknowledge receipt of the charge and, where appropriate, to indicate whether the Agency will initially investigate the charge.

TYPED NAME OF EEOC OR FEPA DIRECTOR    SIGNATURE
Frank L. Iske, Deputy Director        *Frank I. Iske*

__Sabath, Sonia__ v. __Lovelace Health Systems__
(Charging Party)                   (Respondent)

To whom it may concern:

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initally investigate the charge

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge

[ ] This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

[X] This will acknowledge receipt of the referenced charge and indicate this agency's intention to dismiss/close/not docket the charge for the following reason:

   Non-jurisdictional beyond 180 day statutory time limit

TYPED NAME OF EEOC OR FEPA DIRECTOR    SIGNATURE
Richard Galaz                         *Richard A. Galaz*

                                      DATE __10/5/98__
TO:  Equal Employment Opportunity Comm.
     505 Marquette N.W., Suite 900    EEOC CHARGE __390990004__
                                      FEPA CHARGE _____
     Albuquerque, NM 87102

EEOC TEST FORM 212  (8/1/1989)

)

| | |
|---|---|
| STATE OF __NEW MEXICO__ | CASE NAME __Sabath vs Lovelace H__ |
| CITY/COUNTY OF __Albuquerque/Bernalillo__ | CASE NUMBER __390990004__ |

## AFFIDAVIT

I, __Sonia Sabath__ being first duly sworn upon my oath affirm and hereby say:
*(Name)*

I have been given assurances by an Agent of the U.S. Equal Employment Opportunity Commission that this Affidavit will be considered confidential by the United States Government and will not be disclosed as long as the case remains open unless it becomes necessary for the Government to produce the affidavit in a formal proceeding. Upon the closing of this case, the Affidavit may be subject to disclosure in accordance with Agency policy.

I am __60__ years of age, my gender is __Female__ *(sex)* and my racial identity is __White__ *(race)*.

I reside at __909 Truman N.E.__ *(Number/Street)*,

City of __Albuquerque__, County of __Bernalillo__,

State of __NM__, Zip Code __87110__.

My telephone number is *(including area code)* __(505) 255-8233__.

My statement concerns __Lovelace Health Systems__ which is
*(Name of Union/Company/Agency)*

located at __5400 Gibson S.E.__ *(Number/Street)*,

in __Albuquerque__ *(City)* __NM__ *(State)* __87108__ *(Zip)*.

My job classification is *(if applicable)* __Clin. Laboratorian 2__ *(Job title)*.

My immediate supervisor is *(if applicable)* __Tammi McMahon, Supervisor__ *(Name)* *(Job title)*.

I was employed by Respondent as a Medical Tech. from 1969 until December 8, 1997, when I was discharged from employment because I was allegedly unable to perform the essential job duties I was discharged by Dan Grecek, Lab Administrator, in the presence of the Dir. Of HR, Carol Shelton.

All of my performance evaluations previous to termination had been satisfactory or better. As recently as 1996, I received an excellent evaluation. In 1997, I was presented with an unsatisfactory evaluation. My alleged performance problems started when the decision was made to combine (2) sections in the Lab. I was the only employee in the group who did not have formal training. The other employees were either Med. Tech's or Med. Lab. Technicians. I passed approx. 80% of the cross training. There were only two areas which I did not pass. Both of these areas involved subjective decision making. Furthermore, the cross training that I received in these areas was inadequate, and inconsistent. I received approx. (10) different subjective explanations from different trainors in the urinanalysis area. I was the only Chem. Specialist in the Lab. The majority of employees in the Lab were under (40) yrs. of age.

X_____ *(initials)* Page 1 of 2

EEOC AFF-A (08/89)

| | |
|---|---|
| STATE OF __NEW MEXICO__ | CASE NAME __Sabath vs Lovelace H__ |
| CITY/COUNTY OF __Albuquerque/Bernalillo__ | CASE NUMBER __390990004__ |

## AFFIDAVIT (cont.)

Respondent officials were aware that I had a visual impairment, and severe job related stress which was adversely affecting my ability to learn the subjective areas of my job.  The stress was aggravated by supervisory officials who set up meetings and other situations, usually including threats of termination, before and during my cross-training making it significantly more difficult, or less likely for me to successfully learn all areas--especially the more difficult subjective ones.

I was discharged after completion of almost (30) yrs.  of service. I had no intentions to retire until age 65 or later.

I went on a two week vacation in 10/97.  I was then placed on administrative leave while I underwent a neuro-psychological evaluation for cognitive disorders.  The results of the evaluation which was authorized by Respondent indicated that I do not have a permanent disability, and therefore, do not qualify for a reasonable accommodation.

I believe that the fact that I filed a previous charge against Respondent requesting reasonable acccommodation was instrumental in the decision to terminate me.

Because of the aforestated, I believe that I was discriminated against on the basis of my age, 59, which constitutes a violation of the ADEA of 1967, as amended, and in retaliation for filing a previous charge with the EEOC, and in retaliation for asserting my right to reasonable accommodation, which constitutes a violation of the Americans with Disabilities Act.

I have read and had an opportunity to correct this Affidavit consisting of _2_ handwritten ☐ typed ☒ pages and swear that these facts are true and correct to the best of my knowledge and belief.

X _Sonia Sabath_

Subscribed and sworn to before me
this __01__ day of ___October 1998___

_Rita Montoya, Fed. Inv. 1880U_

*Walk-In at J605*

*3909710-2D*

INTAKE G   CER: *Ruth M.*
DATE: *8/11/98*

# ALBUQUERQUE DISTRICT OFFICE INTAKE QUESTIONNAIRE

**THE FOLLOWING INFORMATION IS REQUESTED TO HELP US PROVIDE TIMELY CUSTOMER SERVICE TO YOU.
IF YOU NEED ASSISTANCE IN COMPLETING THIS FORM, PLEASE NOTIFY THE RECEPTIONIST IMMEDIATELY.**

YOUR NAME: *Sonia Sabath*                    TODAY'S DATE: *8-11-98*

ADDRESS: *909 Truman NE*               PHONE NUMBER: *255 8233*

CITY: *Alb*          STATE: *NM* ZIP: *87110* COUNTY: *Bern.*

DATE OF BIRTH: *7-30-38*  SEX: M (F) SOCIAL SECURITY NUMBER: *525 82 6671*

Date Employment Began: _____*1969*_____  Position Title: *Med Tech.*

PLEASE PROVIDE THE NAME, ADDRESS, AND TELEPHONE NUMBER OF A PERSON WHO CAN ALWAYS CONTACT YOU.
NAME: *Ernest Sabath*        RELATIONSHIP: *Father*        TELEPHONE: *255 8233*
ADDRESS: *Same as above* CITY: _____ STATE: _____ ZIP: _____

NAME OF EMPLOYER/UNION/EMPLOYMENT AGENCY YOU BELIEVE DISCRIMINATED AGAINST YOU:

NAME: *Lovelace*              HR/PERSONNEL MGR's NAME: *Carol Shelton*

ADDRESS WHERE YOU APPLIED/WERE EMPLOYED: *5400 Gibson SE Alb NM 87108*
                                        STREET ADDRESS    CITY    STATE   ZIP CODE

TELEPHONE NUMBER: *262 7000*  SUPERVISOR's NAME: *Tami McMahon / David Smith*

DOES THIS EMPLOYER HAVE MORE THAN 15 EMPLOYEES TOTAL?: ✓ YES      NO

MOST RECENT DATE YOU BELIEVE YOU WERE HARMED: *12-8-97*

UNDER WHICH OF THE FOLLOWING BASIS DO YOU BELIEVE YOU WERE DISCRIMINATED
AGAINST?:

☒ RACE   ☒ NATIONAL ORIGIN   ☒ SEX   ☒ AGE   ☒ DISABILITY   ☒ RELIGION

☒ RETALIATION  (For having opposed to, complained of, or participating in a complaint of discrimination)

ON WHICH OF THE ISSUES BELOW DO YOU FEEL YOU HAVE BEEN DISCRIMINATED AGAINST?:

☒ DENIED HIRE   ☒ DENIED PROMOTION ☒ DISCIPLINED   ☒ TERMINATED ☒ HARASSMENT

☒ SEXUAL HARASSMENT   ☒ DENIED ACCOMMODATION (DISABILITY OR RELIGION)   ☒ OTHER

HAVE YOU COMMUNICATED WITH THE NEW MEXICO HUMAN RIGHTS DIVISION ON THIS MATTER? *No*

THE INFORMATION REQUESTED ABOVE IS NECESSARY TO ASSIST THE INTAKE OFFICER IN COUNSELING YOU CONCERNING THE
LAWS THAT THE EEOC ENFORCES, AS WELL AS TO ENABLE US TO DIRECT YOU TO ALTERNATIVE SOURCES OF POSSIBLE
ASSISTANCE.

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

NM Human Rights Division
Aspen Plaza
1596 Pacheco Street
Santa Fe, NM 87502

DATE _____ 10/02/98 _____

EEOC CHARGE _ 390990004 _

FEPA CHARGE _____

SUBJECT: CHARGE TRANSMITTAL

Sabath, Sonia                              v. Lovelace Health Systems
          *(Charging Party)*                              *(Respondent)*

Transmitted herewith is a charge of employment discrimination initially received by the:

[X] EEOC       [ ] _____ on __ 10/01/98 __
                          *(Name of FEPA)*                              *(Date of Receipt)*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

[ ] Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

[ ] The worksharing agreement does not determine which agency is to initially investigate the charge.

    [ ] EEOC requests a waiver        [ ] FEPA waives

    [ ] No waiver requested          [ ] FEPA will investigate the charge initially

Please complete the bottom portion of this form to acknowledge receipt of the charge and, where
appropriate, to indicate whether the Agency will initially investigate the charge.

| TYPED NAME OF EEOC OR FEPA DIRECTOR | SIGNATURE |
|---|---|
| Frank L. Iske, Deputy Director | *Frank L. Iske* |

Sabath, Sonia                              v. Lovelace Health Systems
          *(Charging Party)*                              *(Respondent)*

To whom it may concern:

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention
    to initally investigate the charge

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention
    not to initially investigate the charge

[ ] This will acknowledge receipt of the referenced charge and request a waiver of initial
    investigation by the receiving agency.

[ ] This will acknowledge receipt of the referenced charge and indicate this agency's intention
    to dismiss/close/not docket the charge for the following reason:

| TYPED NAME OF EEOC OR FEPA DIRECTOR | SIGNATURE |
|---|---|
| Richard Galaz | |

TO:   Equal Employment Opportunity Comm.
      505 Marquette N.W., Suite 900

      Albuquerque, NM 87102

DATE _____

EEOC CHARGE _ 390990004 _

FEPA CHARGE _____

EEOC/TEST FORM 212  (8/1/1989)

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ON FILING CHARGE |
|---|---|

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

ON FILING CHARGE

Sabath, Sonia

THIS PERSON (check one)

[X] CLAIMS TO BE AGGRIEVED

[ ] IS FILING ON BEHALF OF ANOTHER

Ms. Carol S Shelton
Director Of Human Resources
Lovelace Medical Center
1250 Ortiz Dr. S.E.
Albuquerque, NM 87108

DATE OF ALLEGED VIOLATION

| Earliest | Most Recent |
|---|---|
| 12/08/97 | 12/08/97 |

PLACE OF ALLEGED VIOLATION

Albuquerque, NM

CHARGE NUMBER

390990004

## NOTICE OF CHARGE OF DISCRIMINATION
*(See EEOC "Rules and Regulations" before completing this Form)*

You are hereby notified that a charge of employment discrimination has been filed against your organization under:

[ ] TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

[X] THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

[ ] THE AMERICANS WITH DISABILITIES ACT

[ ] THE EQUAL PAY ACT (29 U.S.C. SECT. 206(d)) Investigation will be conducted concurrently with our investigation of this charge.

The boxes checked below apply to your organization:

1. [ ] No action is required on your part at this time.

2. [X] Please submit by 10/30/98 a statement of your position with respect to the allegation(s) contained in this charge, with copies of any supporting documentation. This material will be made a part of the file and will be considered at the time that we investigate this charge. Your prompt response to this request will make it easier to conduct and conclude our investigation of this charge.

3. [X] Please respond fully by 10/30/98 to the attached request for information which pertains to the allegations contained in this charge. Such information will be made a part of the file and will be considered by the Commission during the course of its investigation of the charge.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Equal Employment Opportunity Comm.
505 Marquette N.W., Suite 900
Albuquerque, NM 87102

Rita Montoya, Fed. Investigator
*(Commission Representative)*

(505) 248-5226
*(Telephone Number)*

[X] Enclosure:  Copy of Charge

BASIS OF DISCRIMINATION

[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NAT. ORIGIN   [X] AGE   [ ] DISABILITY   [X] RETALIATION   [ ] OTHER

CIRCUMSTANCES OF ALLEGED VIOLATION

See enclosed Form 5, Charge of Discrimination.

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|---|
| 10/02/98 | Frank L. Iske, Deputy Director | Frank L. Iske |

EEOC  FORM 131  (Rev. 06/92)

FILE COPY

· U.S.    'JAL EMPLOYMENT OPPORTUNI1    ,MMISSION

## DISMISSAL AND NOTICE OF RIGHTS

**To:** Sonia Sabath
909 Truman N.E.
Albuquerque, New Mexico  87110

**From:** U.S. Equal Employment Opportunity Commission
505 Marquette N.W. - Suite 900
Albuquerque, NM 87102-2189

[  ]   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR € 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No |
|---|---|---|
| 390990004 | Rita Montoya, Federal Investigator | (505) 248-5226 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[   ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[   ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[   ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[   ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[   ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that is was not possible to resolve your charge.

[   ]   While reasonable efforts were made to locate you, we were not able to do so.

[   ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[   ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[   ]   Other *(briefly state* :_____  _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

~~Frank L. Iske~~                                    MAR   3 1999

Frank L. Iske, Deputy Director                    (Date Mailed)

.losure(s)

cc: Christine L. Ciarrocchi, Legal Counsel, CIGNA            Steve Sanders, Attorney at Law
    Two Liberty Place, 48th Floor, 1601 Chestnut Street, P    820 2nd St. NW, Alb., NM  87102

EXHIBIT
B