UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED

00 JUL 28 PM 1:23

SONIA L. SABATH,

    Plaintiff,

v.

    No. CIV 99-621 MV/KBM

LOVELACE HEALTH SYSTEMS, INC.,

    Defendant.

## LOVELACE HEALTH SYSTEMS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS ON GROUNDS OF CLAIM PRECLUSION (RES JUDICATA) OR, ALTERNATIVELY, FOR FAILURE TO COMPLY WITH THE FEDERAL ARBITRATION ACT

Defendant Lovelace Health Systems, Inc. ("Lovelace") requests that Plaintiff Sonia Sabath's Second Amended Complaint and Jury Demand be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6), since all of Plaintiff's claims surrounding her employment and termination from employment were or could have been arbitrated fully in December 1998. Therefore, Plaintiff's instant lawsuit is barred by res judicata. In the alternative, under the Federal Arbitration Act, Plaintiff's lawsuit is both time-barred and lacks merit.

### Facts and Procedural Posture

On January 12, 1998, Plaintiff sent a demand for Arbitration in accordance with the Lovelace Personnel Policy Manual alleging that Lovelace failed to provide reasonable accommodations and alleging possible age discrimination surrounding her termination from Lovelace for failure to perform her duties as a clinical lab technician. See Letter from Sonia



Sabath initiating arbitration dated January 12, 1998 (**Exhibit 1**)[1] and Lovelace Personnel Policy Manual Arbitration Rules and Procedures (**Exhibit 2**). She sent a subsequent letter further emphasizing that her arbitration claims would also cover alleged age discrimination, violation of the American with Disabilities Act, and violation of common law. See Letter from Sonia Sabath clarifying arbitration (**Exhibit 3**).

On March 12, 1998, Plaintiff's arbitration counsel, Steven K. Sanders, Esq., sent a letter to CIGNA Corporate Employee Relations further clarifying the arbitration issues regarding age and discrimination, and included the additional claims of "retaliation for filing a Title VII claim with the New Mexico Human Rights Division or the Equal Employment Opportunity Division," and violation of Lovelace policy. See Letter from Steven K. Sanders dated March 13, 1998. (**Exhibit 4**).

Plaintiff and Lovelace arbitrated Plaintiff's claims in accordance with the American Arbitration Association Employment Arbitration Tribunal rules in December 1998. See **Exhibit 2**, at p. 2. In accordance with the arbitration rules, Plaintiff participated in the selection of the independent and neutral arbitrator. See id. at p. 4. Lovelace paid for the cost of the arbitration, less $25.00 borne by Plaintiff. See id. at p. 2.

Plaintiff conducted discovery, including depositions, exchange of exhibits and witness lists, see id. at p. 5, and participated in a four-day arbitration where witnesses were called and documents introduced into evidence. Plaintiff had the opportunity to examine and cross-examine

---

[1]Lovelace's counsel prepared another motion which we served on opposing counsel on the same day as this motion, utilizing many of the same exhibits, but which involves different deadlines for responding. Counsel chose to attach the exhibits twice, as we were unsure which motion ultimately would be filed first because of D.N.M.LR-Civ. 7.3(a).

2

witnesses. The arbitrator issued a five-page decision denying Plaintiff's claims. The arbitrator clearly examined all of the issues and reviewed all of the evidence concluding:

> I have [sic] and heard all of the evidence diligently on the lookout for substantial evidence to support [Sabath's] reinstatement. The relevant and competent evidence just is not there.
>
> . . . .
>
> I regret that the Claimant cannot be reinstated. I have very carefully read and reread exhibits and my notes of the testimony and allowed the full development of her theory over the course of four days of testimony. The evidence simply does not support an illegal or wrongful termination.
>
> This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are, hereby, denied.

Award of Arbitrator Kathleen Davison Lebeck (**Exhibit 5**), at p. 1, 3, 4-5.

Lovelace's arbitration policy allows a party to go to court following arbitration only to enforce the arbitrator's decision. Lovelace's Arbitration Rules and Procedures state:

> [Lovelace' (LHS)] policy is that Arbitration by a neutral third-party is the required and final means for the resolution of any serious disagreements and problems not resolved by LHS's internal dispute resolution processes. Both LHS and the employee will be bound by any decision made by a neutral arbitrator. If the employee or LHS do not abide by the arbitrator's decision, either party may go to court to enforce the arbitrator's decision, but Arbitration must be used before going to court. This policy is intended to prevent an employee from going to court over employment related disputes, it is not intended to take away any other rights.
>
> . . . .
>
> 24. <u>Enforcement</u>
>
> The arbitrator's decision may be enforced under the terms of the Federal Arbitration Act (Title 9 U.S.C. Sec. 1 <u>et seq</u>.). If the arbitrator's decision is not completely enforceable, final and binding, then no part of it will be enforced and binding on either party. If, despite the intent of these Rules and Procedures that the arbitrator's decision be final and binding, either party tries to overturn the

3

decision, that party must return everything of value received as a result of the decision, before starting any action to overturn the decision, and if the effort to overturn the arbitrator's decision is unsuccessful, must pay the other party's attorneys fee.

**Exhibit 2,** at p. 1, 8.

On October 1, 1998, despite already having agreed to arbitrate her claims and in the midst of discovery and preparation for the arbitration, Plaintiff filed a second complaint (a first complaint was filed prior to her termination) with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination, violation of the Americans with Disabilities Act, and "in retaliation for the filing of my initial charge with the EEOC." See Charge of Discrimination dated 10/1/98 (**Exhibit 6**). After the arbitrator issued her final decision in January 1999, the EEOC issued a right to sue letter on March 3, 1999. See EEOC Dismissal and Notice of Rights dated March 3, 1999 (**Exhibit 7**).

Plaintiff filed her complaint pro se on June 2, 1999, approximately six months after she received the arbitrator's decision denying her claims, alleging the same facts and issues she previously raised at the arbitration. This complaint was never served. Plaintiff retained counsel and filed a First Amended Complaint and Jury Demand on September 29, 1999, and a Second Amended Complaint and Jury Demand naming the proper defendant, with this Court on June 6, 2000, alleging age discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 215, 621-624 (1994), and discrimination on the basis of disability and retaliation in violated of the Americans with Disabilities Act, 42 U.S.C. § 12101 (1994). Plaintiff also alleges abusive discharge and violation of public policy for retaliation for protected speech.

4

### **Plaintiff's Complaint is Barred by Claim Preclusion (Res Judicata)**

Plaintiff voluntarily submitted her claims to binding arbitration. Both she and her arbitration attorney clearly defined the scope of the claims to be arbitrated to include those alleged in the instant action: age discrimination, violation of the American with Disabilities Act, violation of common law, and retaliation. See **Exhibits 1, 3 and 4.** In addition, Plaintiff alleges abusive discharge in violation of public policy in retaliation for protected speech. Now, Plaintiff attempts to rehash the same issues already decided or which could have been decided at the arbitration.

Plaintiff's present action is barred by the doctrine of claim preclusion (res judicata). "Res judicata generally applies where there is an identity of parties and of claims and a final judgment on the merits." Clark v. Haas Group, Inc., 953 F.2d 1235, 1237 (10th Cir. 1992). In this case, the parties are the same: Plaintiff and Lovelace. The claims are nearly identical, but contain the additional claim of violation of state law for retaliation for protected speech. Regardless, res judicata applies.

The Tenth Circuit has long applied the "transactional approach" to determine what constitutes a single cause of action such that the current lawsuit is based upon the same transaction as the earlier action. See id. at 1238. Application of the transactional approach prohibits parties from relitigating issues that were or could have been raised "by simply alleging new legal theories." Id. The transactional approach requires examining what facts constitute a "series" of transactions by determining "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit." Id.

5

In <u>Clark</u>, the court held that res judicata barred a subsequent lawsuit alleging age discrimination and deprivation of equal pay because the employee had filed and dismissed an earlier lawsuit for unpaid overtime in conjunction with her termination. See id. at 1239. The court reasoned that the claims were all predicated upon her employment period and these subsequent claims could have been raised in the prior action. See id. Additionally, the court held that the parties were the same, and that the voluntary dismissal of the first suit with prejudice was a judgment on the merits, therefore all of the elements of res judicata were present. See id. at 1238, 1240.

The same is true in this case. Plaintiff's alleged new theory involves the exact same facts and issues surrounding her employment and termination from employment as were previously arbitrated. The issues raised in this case all seek to remedy a single alleged wrong: Plaintiff's discharge. As such, Plaintiff could have raised her claim of violation of state law for retaliation for protected speech in the arbitration.

Finally, a judgment on the merits was issued in the arbitration. Both Tenth Circuit and New Mexico law recognizes that a binding arbitration which contains the same procedural safeguards as a court of law is a final judgment. See <u>Rex, Inc. v. Manufactured Hous. Comm.</u>, 119 N.M. 500, 504-05, 892 P.2d 947, 951-52 (1995). The New Mexico Supreme Court held that collateral estoppel applied to an arbitration proceeding where the arbitration afforded an opportunity to present evidence and argument akin to a judicial proceeding. See id. at 505, 892 P.2d at 952. In <u>Coffey v. Dean Witter Reynolds Inc.</u>, 961 F.2d 922, 927 (10th Cir. 1992), the Tenth Circuit concluded that collateral estoppel prevented the plaintiff from asserting a federal securities claim where the plaintiff had already arbitrated her claims under Colorado securities law.

In this case, Plaintiff was represented by an attorney at a four-day arbitration proceeding where both sides conducted discovery, examined and cross-examined witnesses, introduced exhibits, and gave legal argument. The same procedural safeguards were present, if not more for Plaintiff in this case, as if there were a court trial. In denying Plaintiff's claims, the arbitrator stated:

> It is very sad to see an otherwise competent, bright, and nice person decide not to succeed in the workplace, but I am forced to conclude that is exactly what happened here. I have [sic] and heard all of the evidence diligently on the lookout for substantial evidence to support her reinstatement. The relevant and competent evidence just is not there.

**Exhibit 5**, at p. 2.

The arbitration was similar to a judicial proceeding, and under Rex, Inc. and Padilla v. Intel Corp., 1998-NMCA-125, ¶¶ 10-17, 125 N.M. 698, 964 P.2d 862 (giving workers' compensation proceeding collateral estoppel in subsequent district court action), must be considered a judgment on the merits.

The courts are especially critical of attempts to challenge arbitration proceedings without basis, because of the strong public policy of favoring the resolution of disputes through arbitration. See Rex, Inc., 119 N.M. at 504, 892 P.2d at 951. The Tenth Circuit and other courts have imposed Rule 11 sanctions or awarded attorneys' fees and other sanctions on such challenges. See, e.g., White v. General Motors Corp., 977 F.2d 499, 501 (10th Cir. 1992) (noting the plaintiffs' counsel failure "to investigate the releases and their apparent validity prior to filing the complaint"); Casillan v. Regional Transp. Dist., 986 F.2d 1426, 1993 WL 8732, at *7 (10th Cir. 1993) (unpublished opinion) (**Exhibit 8**) (awarding sanctions on the plaintiff's motion to reconsider where the plaintiff was a former employee who filed an action asserting numerous constitutional and discriminatory practices against his employer despite having previously

arbitrated his dispute); see also Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 666 (S.D.N.Y. 1997) (imposing Rule 11 sanctions against the plaintiff's counsel for failing to make a reasonable inquiry into both the factual and legal basis of the claims against a related entity before filing the complaint, and for failing to withdraw the complaint because "a cursory review of the law reveal[ed]" that the claims were subject to arbitration).

Lovelace is entitled to have this case dismissed with prejudice on the grounds of res judicata and for an award of attorney's fees and costs for defending this litigation.

**Plaintiff's Complaint Is Time-Barred by the Federal Arbitration Act**

Plaintiff already participated in binding arbitration which denied all of her claims, and under the guise of this complaint is using this forum as an attempt to obtain a second chance at litigating the same issues surrounding her termination from employment. Her complaint makes no mention of the fact that she already arbitrated the issues in accordance with the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq. (1994), yet she apparently is seeking to overturn the arbitrator's award, and, as such, has failed to comply with the provisions of the FAA.

By filing this complaint, Plaintiff is attempting to side-step the process established by the FAA for challenging an arbitration award. The FAA requires a party serve a notice to vacate an arbitration award within three months after the award is filed. See 9 U.S.C. § 12. In this case, Plaintiff filed this lawsuit nearly six months after receiving the arbitrator's award.

9 U.S.C. § 12 provides no exception to the three-month statute of limitations, and courts that have considered the provision have held that the provision is unambiguous and that, as the statute states, "under its terms, a party may not raise a motion to vacate, modify or correct an arbitration award after the three-month period has run." Florasynth v. Pickholz, 750 F.2d 171, 175 (2d Cir. 1984); see also Foster v. Turley, 808 F.2d 38, 41 (10th Cir. 1986). The rationale

behind the three-month statute of limitations is that arbitration is favored as a quick and final resolution of disputes. See Florasynth, 750 F.2d at 177.

## Even if Plaintiff's Claim Is Not Time-Barred, Plaintiff Has Claimed No Basis For Vacating the Arbitrator's Decision

Plaintiff has failed to state any valid reason why the arbitration award should be vacated in accordance with 9 U.S.C. § 10. Arbitration awards may be vacated only for the narrow grounds listed in 9 U.S.C. § 10 or for narrow court-created reasons. These grounds essentially are based upon corruption, fraud, evidence of partiality, misconduct of the arbitrator, that the arbitrator exceeded her power, violation of public policy, the arbitrator exhibited a manifest disregard of the law, or the arbitrator conducted a fundamentally unfair hearing. See Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co., 119 F.3d 847, 849 (10th Cir. 1997); Keil-Koss v. CIGNA, 211 F.3d 1278, 2000 WL 531461 (10th Cir. 2000) (unpublished opinion) (**Exhibit 9**); see also Mendez v. Commercial Credit Corp., 189 F.3d 478, 1999 WL 617672 (10th Cir. 1999) (unpublished opinion) (**Exhibit 10**). Plaintiff makes none of these allegations in her complaint. Instead, her complaint completely fails to mention that Plaintiff participated in binding arbitration.

In Keil-Koss, a strikingly similar case to the present case, the plaintiff, represented by counsel, filed a lawsuit against her former employer, Intracorp, a wholly-owned subsidiary of CIGNA, in federal court alleging violation of the Americans with Disabilities Act and state public policy. See 2000 WL 531461, at *1. Following Intracorp's unopposed motion to stay judicial proceedings and compel arbitration, the "plaintiff's counsel sent a letter formally demanding that the termination dispute be submitted to final and binding arbitration in accordance with the CIGNA/Intracorp Employment Dispute Resolution policy." Id. (the same

9

policy as in the present case).

The American Arbitration Association conducted a two-day hearing, and the federal lawsuit was administratively closed. The arbitrator issued a written award denying the plaintiff's claims. See id. The plaintiff, pro se, then filed a new lawsuit in federal court reasserting the same claims and further asserting "that she had never consented to binding arbitration and that the arbitration hearing had been biased." Id. The district court granted summary judgment in favor of Intracorp and awarded attorneys' fees. See id. at *1, *2.

The Tenth Circuit affirmed, holding that the plaintiff asserted no grounds to vacate the arbitration award, the plaintiff expressly demanded to arbitrate her claim, the plaintiff produced no evidence showing bias on the part of the arbitrator, and the district court properly awarded attorneys' fees. See id. at *2.

### Lovelace Is Entitled to Its Attorneys' Fees and Costs

Lovelace's Arbitration Rules and Procedures clearly state that if a party's "effort to overturn the arbitrator's decision is unsuccessful, [the party] must pay the other party's attorneys fees." **Exhibit 2,** at p. 8, ¶ 24 Enforcement. Here, Plaintiff is clearly attempting to overturn the arbitrator's decision by filing this lawsuit alleging the same issues already fully arbitrated.

Plaintiff fully arbitrated her issues regarding the termination of her employment from Lovelace Health Systems, Inc. Plaintiff's present lawsuit is an attempt to overturn the earlier denial of her claims in arbitration. She has alleged no grounds as to why the arbitration award should be overturned, and as a result, under Lovelace's Arbitration Rules and Procedures, Plaintiff is responsible for Lovelace's attorneys' fees and costs in defending this present frivolous litigation. See Keil-Koss, 2000 WL 531462, at * 2.

## Conclusion

Lovelace's Motion to Dismiss with prejudice should be granted on the grounds of res judicata or in the alternative, on the grounds that the complaint is time-barred under the FAA, and that Plaintiff has claimed no grounds for overturning the arbitrator's decision. In addition, Lovelace should be awarded its attorneys' fees and costs in defending this litigation in accordance with case law and Lovelace's arbitration policy.

WIGGINS, CAMPBELL & WELLS
A Professional Corporation

By _____
      Lorna M. Wiggins
      Marianne B. Hill
Attorneys for Lovelace Health Systems, Inc.
20 First Plaza, Suite 710 (87102)
P. O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400

We hereby certify that a copy of the foregoing was hand-delivered to opposing counsel of record on this 26th day of June, 2000.

WIGGINS, CAMPBELL & WELLS
A Professional Corporation

By _____
    Lorna M. Wiggins
    Marianne B. Hill

11

THE EXHIBITS ATTACHED TO THIS PLEADING ARE TOO VOLUMINOUS TO SCAN. SAID EXHIBITS ARE ATTACHED TO THE ORIGINAL PLEADING IN THE CASE FILE WHICH IS LOCATED IN THE RECORDS DEPARTMENT, U.S. DISTRICT COURT CLERK'S OFFICE.